## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF PENNSYLVANIA

|  |  |  |
|---|---|---|
| CARA HANNAN, individually and on behalf of all persons similarly situated, | : : : | Civil Action No.: |
|  | : : | **CLASS AND COLLECTIVE ACTION** |
| **Plaintiff,** | : : | **Jury Trial Demanded** |
| **v.** | : : | |
| **ALLEGHENIES UNITED CEREBRAL PALSY and UPMC,** | : : : : | |
| **Defendants.** | : : | |

## CLASS AND COLLECTIVE ACTION COMPLAINT

Plaintiff Cara Hannan ("Plaintiff"), through her undersigned counsel, individually and on behalf of all persons similarly situated, files this Class and Collective Action Complaint against Defendants Alleghenies United Cerebral Palsy ("AUCP") and UPMC ("UPMC") (together, "Defendants"), individually and jointly, seeking all available relief under the Fair Labor Standards Act of 1938, 29 U.S.C. § 201, *et seq.* ("FLSA"), and under the Pennsylvania Minimum Wage Act of 1968 ("PMWA"), 43 P.S. §§333.101, *et seq.* The following allegations are based on personal knowledge as to Plaintiff's own conduct and are made on information and belief as to the acts of others.

## INTRODUCTION

1.      Defendants provide case management and service coordination services to certain individuals with disabilities that qualify for services under Pennsylvania's Home and Community Based waivers and Community Health Choices (CHC) program. To implement these services, Defendants rely on a workforce of case managers and service coordinators who perform evaluations, monitor participants health and welfare, and coordinate various healthcare and

community resources.

2.      This case is about Defendants' knowing and improper classification of Plaintiff and all similarly situated case managers and service coordinators as exempt from the FLSA. As a result of this exempt classification, Defendants' case managers and service coordinators did not receive overtime pay for hours worked in excess of forty (40) hours in a workweek during the applicable statute of limitations period up until at least October 2021, the date of the reclassification.

3.      This case is further about Defendants' unlaw policies which restricted the amount of hours service coordinators could report as hourly employees following the reclassification, thereby encouraging or permitting significant amounts of off-the-clock work resulting in further unpaid overtime wages.

## JURISDICTION AND VENUE

4.      The exercise of jurisdiction over Plaintiff's FLSA claim is proper under 29 U.S.C. § 216(b) and 28 U.S.C. § 1331.

5.      This Court has supplement jurisdiction over Plaintiff's Pennsylvania state law claims under 28 U.S.C. § 1367 because the state law claims share a common nucleus of operative facts with Plaintiff's federal law claims.

6.      Venue in this Court is proper pursuant to 28 U.S.C. § 1391. Defendants are incorporated in this District and conduct business in this District.

## PARTIES

7.      Plaintiff Cara Hannan is an individual residing in Nisbet, Pennsylvania. Defendants employed Plaintiff as a Service Coordinator from January 2021 through April 2023. Plaintiff's written consent to be a plaintiff in this action pursuant to 29 U.S.C. § 216(b) is attached hereto as Exhibit A.

2

8.    Defendant AUCP is a nonprofit corporation located at 119 Jari Drive, Johnstown, Pennsylvania 15904. Defendant AUCP's identification number registered with the Pennsylvania Department of State is 3683694.

9.    Defendant UPMC is a Pennsylvania nonprofit corporation with its principal place of business located at 200 Lothrop Street, Pittsburgh, Pennsylvania 15213. Defendant UPMC's identification number registered with the Pennsylvania Department of State is 757474.

10.   The unlawful acts alleged in this Complaint were committed by Defendants and/or Defendants' officers, agents, employees, or representatives, while actively engaged in the management of Defendants' businesses or affairs and with the authorization of Defendants.

11.   At all times relevant to this Complaint, Plaintiff and similarly situated employees were employees of Defendants and covered by the FLSA. 29 U.S.C. § 203(e).

12.   At all times relevant to this Complaint, Plaintiff and similarly situated employees were "employes" of Defendants and covered by the Pennsylvania Minimum Wage Act. *See* 43 Pa. Stat. § 333.103(h).

13.   Defendants are employers covered by the FLSA and Pennsylvania Minimum Wage Act. *See* 29 U.S.C. § 203(d); 43 Pa. Stat. § 333.103(g).

14.   Defendants employed Plaintiff and continue to employ similarly situated employees across Pennsylvania.

15.   Defendants employ individuals engaged in commerce or in the production of goods for commerce and/or handling, selling, or otherwise working on goods or materials that have been moved in or produced in commerce by any person, as required by 29 U.S.C. §§ 206-207.

16.   Defendants' annual gross volume of sales made or business done exceeds $500,000.

## CLASS AND COLLECTIVE DEFINITIONS

17.     Plaintiff brings Count I of this lawsuit pursuant to the FLSA, 29 U.S.C. § 216(b) as

a collective action on behalf of herself and the following similarly situated persons:

> All individuals who worked for either or both Defendants in Case Manager or
> Service Coordinator positions during the past three years in the United States and
> who were paid a salary and were not paid overtime compensation when they
> worked over forty (40) hours in a workweek (the "Salary Collective" or "Salary
> Collective Members").

18.     Plaintiff brings Count II of this lawsuit pursuant to the FLSA, 29 U.S.C. § 216(b)

as a collective action on behalf of herself and the following similarly situated persons:

> All individuals who worked for either or both Defendants in Case Manager or
> Service Coordinator positions during the past three years in the United States and
> who were paid an hourly rate and were denied proper overtime compensation when
> they worked over forty (40) hours in a workweek (the "Hourly Collective" or
> "Hourly Collective Members").

19.     Plaintiff brings Count III of this lawsuit pursuant to FED. R. CIV. P. 23 and the

Pennsylvania Minimum Wage Act of 1968 ("PMWA"), 43 P.S. §§333.101, *et seq.* on behalf of

herself and the following class:

> All individuals who worked for either or both Defendants in Case Manager or
> Service Coordinator positions during the past three years in Pennsylvania and who
> were paid a salary and were not paid overtime compensation when they worked
> over forty (40) hours in a workweek (the "Salary Class" or "Salary Class
> Members").

20.     Plaintiff brings Count IV of this lawsuit pursuant to FED. R. CIV. P. 23 and the

Pennsylvania Minimum Wage Act of 1968 ("PMWA"), 43 P.S. §§333.101, *et seq.* on behalf of

herself and the following class:

> All individuals who worked for either or both Defendants in Case Manager/Service
> Coordinator positions during the past three years in Pennsylvania and who were
> paid an hourly rate and were denied proper overtime compensation when they
> worked over forty (40) hours in a workweek (the "Hourly Class" or "Hourly Class
> Members").

21.     The Salary Collective and the Hourly Collective are together referred to as the "FLSA Collectives" with individual members referred to as "FLSA Collective Members."

22.     The Salary Class and the Hourly Class are together referred to as the "Pennsylvania Classes" with individual members referred to as the "Pennsylvania Class Members."

23.     The Salary Collective, Hourly Collective, Salary Class, and Hourly Class are together referred to as the "Classes," with individual members referred to as "Class Members" or "Service Coordinators."[1]

24.     Plaintiff reserves the right to redefine the Classes prior to notice, and thereafter, as necessary.

**FACTS**

25.     AUCP is an organization "that provides in-home Service Coordination / Case Management services. [AUCP's] Mission is to assist individuals with disabilities in meeting their basic needs, enhancing their quality of life, and promoting their independence, while also allowing them to be active participants in the decision-making and direction of their services." Alleghenies United Cerebral Palsy Service Coordination, About Alleghenies United Cerebral Palsy (AUCP), *available at* https://scalucp.org/about/ (last accessed July 16, 2024).

26.     "AUCP serves close to 3,000 participants in most of the 67 Pennsylvania counties throughout the Western, Northern, and Central parts of" Pennsylvania. *Id.*

27.     AUCP contracts with Managed Care Organizations (MCO's), like AmeriHealth Caritas and Defendant UPMC, to provide services to plan participants under Pennsylvania's Home and Community Based waivers and Community Health Choices (CHC) program.[2]

---

[1] The use of the term "Service Coordinators" is for ease of reference only and is not intended to in any way limit the Class and Collective definitions referenced above.
[2] Community Health Choices is Pennsylvania's mandatory managed care program for adults who

28.     Defendants employed Plaintiff as a Service Coordinator from January 2021 through April 2023.

29.     Defendants employ individuals in the position of Service Coordinator/Case Manager ("Service Coordinators") to provide case management services to individuals with disabilities in this judicial district and throughout Pennsylvania. AUCP employs approximately sixty (60) Service Coordinators throughout Pennsylvania.

30.     Service Coordinators maintain an individual caseload and are responsible for conducting intakes and assessments for new participants, assessing and monitoring the health and welfare of participants through quarterly in-person visits and monthly telephone calls, creating individual service plans, monitoring implementation and effectiveness of individual service plans, providing risk management counselling, coordinating all needed medical services, and making referrals to external service providers and various community resources.

31.     At all times relevant herein, Defendants have operated a willful and intentional scheme to deprive Plaintiff and the Service Coordinators of overtime compensation.

32.     Service Coordinators' primary job duties are to perform non-exempt work consisting of completing assessments of participants, coordinating the development of individual service plans, advocating for the needs and preferences of participants, identifying community resources for needed services and any barriers to service delivery, coordinating the delivery of services and intervening when services are not delivered, and intervening in crisis situations. *See* U.S. DOL Opinion Letter, FLSA2006-20NA, September 8, 2006 (stating that Case Managers job duties do not qualify as exempt under the FLSA).

---

"have both Medicare and Medicaid, or receive long-term supports through Medicaid because [they] need help with everyday personal tasks." https://www.dhs.pa.gov/HealthChoices/HC-Services/Pages/CHC-Main.aspx (last visited July 16, 2024).

33.     The Service Coordinator position does not require knowledge of an advance type in a field of science or learning customarily acquired by a prolonged course of specialized instruction and study.

34.     Service Coordinators do not perform work related to the management or general business operations of Defendants or their customers.

35.     In performing their work, Service Coordinators are required to follow standardized and highly-detailed guidelines, checklists, and protocols that leave them with little opportunity to exercise discretion and independent judgment.

36.     Service Coordinators do not supervise other employees.

37.     Plaintiff and many other Service Coordinators work for Defendants remotely.

38.     Service Coordinators, like Plaintiff, maintain a caseload of approximately eighty (80) to one hundred (100) cases.

39.     For each case, Service Coordinators are expected to, *inter alia*, make monthly phone calls with participants, quarterly in-person home visits with participants, perform evaluations of participants medical needs and home environment, conduct reevaluations following medical emergencies, coordinate healthcare services, make service determinations regarding the amount of service aid hours and minutes each participant will receive, and maintain thorough documentation.

40.     Service Coordinators, including Plaintiff, are required to use Defendants' electronic records software to record and document their work.

41.     Before October 2021, Defendants misclassified Plaintiff and other Service Coordinators as exempt employees, and did not pay Plaintiff and other Service Coordinators overtime wages when they worked over forty (40) hours in a workweek.

42.     Until approximately October 2021, Plaintiff and other Service Coordinators were

paid an annual salary without regard for overtime compensation owed under the FLSA and the Pennsylvania Minimum Wage Act.

43.     Plaintiff routinely worked up to seven (7) days per week of eight (8) or more hours per day. Plaintiff routinely worked approximately sixty (60) hours or more per week. Plaintiff and other Service Coordinators are similarly situated and work similar schedules.

44.     In order to meet the demands of the position, Service Coordinators routinely work over forty (40) hours a week.

45.     In mid-2021, Defendant AUCP informed Service Coordinators, including Plaintiff, that they would be reclassified from salaried exempt employees to hourly non-exempt employees while their job duties would remain the same following the reclassification.

46.     Defendant AUCP further informed all Service Coordinators that they would begin training to work hourly by recording their hours worked each day and to restrict their working hours to just seven and a half (7.5) hours per day or a maximum of thirty-seven and a half (37.5) hours a week.

47.     During a meeting that Defendant AUCP held to announce this change, Service Coordinators informed AUCP managers that their caseloads were too high and that it would not be possible to complete their work within the thirty-seven and a half (37.5) hours per week as they routinely worked well in excess of that amount to keep up with their caseloads.

48.     In response, AUCP's management indicated that if they could not complete the workload within thirty-seven and a half (37.5) hours per week then the job may not be right for them.

49.     In or around approximately October 2021, Defendant AUCP reclassified the Service Coordinators and began paying them hourly wages and implemented the requirement that Service

Coordinators not record more than thirty-seven and a half (37.5) hours per week.

50.     Under its policy and practice of considering employees similar to Plaintiff as exempt, Defendants failed to pay overtime wages to Plaintiff and other Service Coordinators until at least October 2021. Defendants, moreover, did not pay back pay overtime compensation owed at the time of the reclassification.

51.     Following the reclassification, Defendants did not reduce the heavy caseload assigned to Service Coordinators despite the change to hourly and the requirement that employees only record thirty-seven and a half (37.5) hours per week.

52.     Defendants maintained this policy despite knowing that the workload assigned to Service Coordinators required them to regularly work well in excess of forty (40) hours per week.

53.     Accordingly, Plaintiff and other Service Coordinators systematically underreported their hours and worked significant amounts of time off-the-clock.

54.     As a result of Defendants' willful policies from approximately October 2021 through the present, Defendants have failed to pay Plaintiff and continue to fail to pay other Service Coordinators all overtime compensation owed when they work in excess of forty (40) hours in a workweek.

55.     Defendants, as sophisticated healthcare providers, have been aware, or should have been aware, that Plaintiff and other Service Coordinators performed non-exempt work that required payment of overtime compensation.

56.     Defendants know that Service Coordinators work unpaid overtime hours because the caseloads Defendants assigned to Service Coordinators could not be completed within thirty-seven and a half (37.5) or even forty (40) hours a week. Additionally, Defendants' supervisors and other managers received email communications and submissions after business hours that made

clear that Plaintiff and other Service Coordinators were working long hours.

57.     Defendants' supervisors and managers were on notice of uncompensated overtime worked because Plaintiff and other Service Coordinators have complained to them regarding their workload.

58.     At all times relevant to this Complaint, Defendants have acted willfully and/or with reckless disregard of the applicable FLSA provisions by failing to properly compensate Plaintiff and other Service Coordinators for all hours worked, including overtime compensation under the FLSA and Pennsylvania Minimum Wage Act.

59.     Based on information and belief, Defendants continue in their failure to pay Service Coordinators proper overtime compensation for hours worked over forty (40) hours in a workweek.

## DEFENDANTS ARE JOINT EMPLOYERS

60.     Defendants jointly employed Plaintiff and other Service Coordinators.

61.     Defendant AUCP directly employed Plaintiff and other Service Coordinators and issued their paychecks.

62.     Defendant UPMC jointly employed Plaintiff and other Service Coordinators.

63.     Defendant UPMC controlled and directed Plaintiff and other Service Coordinators' day-to-day work.

64.     Defendants require Service Coordinators to wear a UPMC uniform and present themselves to plan participants as UPMC employees.

65.     Defendants require Service Coordinators to use UPMC equipment and software programs to complete their job duties. Service Coordinators use UPMC electronic records management system to record work performed, access client records, send emails, and maintain a

calendar of scheduled interactions with plan participants.

66.     Service Coordinators report to a UPMC supervisor who monitors their caseload, assigns work, and evaluates the quantity and quality of their work.

67.     UPMC supervisors review Service Coordinators' case records to provide feedback and direction on case specific service determinations.

68.     Service Coordinators regularly meet with their UPMC supervisor to discuss their day-to-day work including specific client issues and case documentation.

69.     Defendant UPMC's supervisors provide evaluations of Service Coordinator's work for use in performance evaluations.

70.     UPMC supervisors' evaluations are also used for purposes of discipline and termination decisions.

71.     Defendants train Service Coordinators on UPMC policies and procedures that Service Coordinators are expected to learn and follow in the course of their jobs.

72.     Defendants also require Service Coordinators to complete annual and regular UPMC trainings on pertinent regulations, Medicare fraud, HIPPA, and other UPMC policies and procedures.

73.     Defendant UPMC maintains employment records for Service Coordinators including but not limited to supervisor evaluations of Service Coordinators' work, emails sent by Service Coordinators, calendars of work hours and appointments, and other records of work Service Coordinators perform.

## COLLECTIVE ACTION ALLEGATIONS UNDER THE FLSA

74.     Plaintiff brings this lawsuit pursuant to 29 U.S.C. § 216(b) as a collective action on behalf of herself and the FLSA Collective Members as defined above.

75.     Plaintiff desires to pursue her FLSA claims on behalf of all individuals who opt-in to this action pursuant to 29 U.S.C. § 216(b).

76.     Plaintiff and the FLSA Collective Members are "similarly situated" as that term is used in 29 U.S.C. § 216(b) because, *inter alia*, all such individuals currently work or have worked pursuant to Defendants' previously described common business and compensation practices as described herein, and, as a result of such practices, have not been properly paid overtime compensation for all hours worked over forty (40) in a workweek during the relevant time period. Resolution of this action requires inquiry into common facts, including, Defendants' common compensation, classification, and payroll practices applicable to the employees at issue.

77.     The FLSA Collective Members are known to Defendants, are readily identifiable through HR and payroll records, and can easily be located through Defendants' business and human resources records and electronic systems.

78.     Defendants employ over sixty (60) FLSA Collective Members. These similarly situated employees, consisting of both current and former employees who have been employed by one or both Defendants during the relevant three-year statute of limitations period, should promptly be notified in writing of this action through U.S. mail, email, and text message and/or other means, and allowed to opt-in to this action pursuant to 29 U.S.C. § 216(b), for the purpose of collectively adjudicating their claims for unpaid wages, liquidated damages (or, alternatively, interest), and attorneys' fees and costs under the FLSA.

## CLASS ACTION ALLEGATIONS

79.     Plaintiff also brings this action as a class action pursuant to FED. R. CIV. P. 23 on behalf of herself and the Pennsylvania Classes defined above.

80.     The members of the Pennsylvania Classes are so numerous that joinder of all

members is impracticable. Upon information and belief, there are more than forty (40) members of the Pennsylvania Classes.

81.     Plaintiff will fairly and adequately represent and protect the interests of the Pennsylvania Classes because there is no conflict between the claims of Plaintiff and those of the Pennsylvania Classes, and Plaintiff's claims are typical of the claims of the Pennsylvania Class Members. Plaintiff's counsel are competent and experienced in class action litigation and other complex litigation, including wage and hour cases like this one.

82.     There are questions of law and fact common to the proposed Pennsylvania Classes, which predominate over any questions affecting only individual Class members, including without limitation: whether Defendants have violated and continue to violate the laws of Pennsylvania through their policy or practice of misclassifying workers and failing to pay overtime compensation.

83.     Plaintiff's claims are typical of the claims of the Pennsylvania Classes in the following ways, without limitation: (a) Plaintiff is a member of the Pennsylvania Classes; (b) Plaintiff's claims arise out of the same policies, practices, and course of conduct of Defendants that form the basis of the claims of the Pennsylvania Classes; (c) Plaintiff's claims are based on the same legal and remedial theories as those of the Pennsylvania Classes and involve similar factual circumstances; (d) there are no conflicts between the interests of Plaintiff and the Pennsylvania Class Members; and (e) the injuries suffered by Plaintiff are similar to the injuries suffered by the Pennsylvania Class Members.

84.     Class certification is appropriate under FED. R. CIV. P. 23(b)(3) because questions of law and fact common to the Pennsylvania Classes predominate over any questions affecting only individual Pennsylvania Class Members.

85.     Class action treatment is superior to the alternatives for the fair and efficient adjudication of the controversy alleged herein. Such treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the duplication of effort and expense that numerous individual actions would entail. No difficulties are likely to be encountered in the management of this class action that would preclude its maintenance as a class action, and no superior alternative exists for the fair and efficient adjudication of this controversy. The Pennsylvania Classes are readily identifiable from Defendants' own employment records. Prosecution of separate actions by individual members of the Pennsylvania Classes would create the risk of inconsistent or varying adjudications with respect to individual Pennsylvania Class Members that would establish incompatible standards of conduct for Defendants.

86.     A class action is superior to other available methods for adjudication of this controversy because joinder of all members is impractical. Further, the amounts at stake for many of the Pennsylvania Class Members, while substantial, are not great enough to enable them to maintain separate suits against Defendants.

87.     Without a class action, Defendants will retain the benefit of their wrongdoing, which will result in further damages to Plaintiff and the Pennsylvania Classes. Plaintiff envisions no difficulty in the management of this action as a class action.

**COUNT I**
**Violation of the FLSA**
**<u>on Behalf of Plaintiff and the Salary Collective Members</u>**

88.     All previous paragraphs are incorporated as though fully set forth herein.

89.     The FLSA requires that covered employees be compensated for all hours worked under forty (40) hours at the regular rate at which he/she is employed. *See* 29 U.S.C. § 206.

90.     The FLSA requires that covered non-exempt employees be compensated for all

14

hours worked in excess of forty (40) hours per week at a rate not less than one and one-half (1 ½) times the regular rate at which he/she is employed. *See* 29 U.S.C. § 207 and 29 C.F.R. § 552.100.

91.    The FLSA defines "employer" broadly to include "any person acting directly or indirectly in the interest of an employer in relation to an employee..." 29 U.S.C. § 203(d).

92.    Defendants are subject to the wage requirements of the FLSA because Defendants are "employers" under 29 U.S.C. § 203(d) and 29 C.F.R. § 552.109(a).

93.    At all relevant times, Defendants have been "employers" engaged in interstate commerce and/or in the production of goods for commerce, within the meaning of the FLSA, 29 U.S.C. § 203 and 29 C.F.R. § 552.100.

94.    During all relevant times, Plaintiff and the Salary Collective Members have been covered employees entitled to the above-described FLSA's protections. *See* 29 U.S.C. § 203(e).

95.    Plaintiff and the Salary Collective Members are not exempt from the requirements of the FLSA.

96.    Defendants, pursuant to their policies and practices, failed and refused to pay overtime wages for all hours worked in excess of forty (40) in a workweek by Plaintiff and the Salary Collective Members during the relevant time period.

97.    Defendants knowingly failed to properly compensate Plaintiff and the Salary Collective Members' overtime wages for hours worked in excess of forty (40) in a workweek, in violation of 29 U.S.C. § 207 and 29 C.F.R. § 552.100.

98.    In violating the FLSA, Defendants acted willfully and with reckless disregard of clearly applicable FLSA provisions.

99.    Pursuant to 29 U.S.C. § 216(b), employers such as Defendants, who intentionally fail to pay an employee wages in conformance with the FLSA shall be liable to the employee for

unpaid wages, liquidated damages, court costs, and attorneys' fees incurred in recovering the unpaid wages.

## COUNT II
### Violation of the FLSA
### <u>on Behalf of Plaintiff and the Hourly Collective Members</u>

100.    All previous paragraphs are incorporated as though fully set forth herein.

101.    The FLSA requires that covered employees be compensated for all hours worked under forty (40) hours at the regular rate at which he/she is employed. *See* 29 U.S.C. § 206.

102.    The FLSA requires that covered non-exempt employees be compensated for all hours worked in excess of forty (40) hours per week at a rate not less than one and one-half (1 ½) times the regular rate at which he/she is employed. *See* 29 U.S.C. § 207 and 29 C.F.R. § 552.100.

103.    The FLSA defines "employer" broadly to include "any person acting directly or indirectly in the interest of an employer in relation to an employee..." 29 U.S.C. § 203(d).

104.    Defendants are subject to the wage requirements of the FLSA because Defendants are "employers" under 29 U.S.C. § 203(d) and 29 C.F.R. § 552.109(a).

105.    At all relevant times, Defendants have been "employers" engaged in interstate commerce and/or in the production of goods for commerce, within the meaning of the FLSA, 29 U.S.C. § 203 and 29 C.F.R. § 552.100.

106.    During all relevant times, Plaintiff and the Hourly Collective Members have been covered employees entitled to the above-described FLSA's protections. *See* 29 U.S.C. § 203(e).

107.    Plaintiff and the Hourly Collective Members are not exempt from the requirements of the FLSA.

108.    Defendants, pursuant to their policies and practices, failed and refused to pay overtime wages for all hours worked in excess of forty (40) in a workweek by Plaintiff and the

Hourly Collective Members during the relevant time period.

109.   Defendants knowingly failed to properly compensate Plaintiff and the Hourly Collective Members' overtime wages for hours worked in excess of forty (40) in a workweek, in violation of 29 U.S.C. § 207 and 29 C.F.R. § 552.100.

110.   In violating the FLSA, Defendants acted willfully and with reckless disregard of clearly applicable FLSA provisions.

111.   Pursuant to 29 U.S.C. § 216(b), employers such as Defendants, who intentionally fail to pay an employee wages in conformance with the FLSA shall be liable to the employee for unpaid wages, liquidated damages, court costs, and attorneys' fees incurred in recovering the unpaid wages.

## COUNT III
### Violation of the Pennsylvania Minimum Wage Act
### (On Behalf of Plaintiff and the Salary Class Members)

112.   All previous paragraphs are incorporated as though fully set forth herein.

113.   The Pennsylvania Minimum Wage Act of 1968 ("PMWA") requires that covered employees be compensated for all hours worked in excess of forty (40) hours per week at a rate not less than one and one-half (1 ½) times the regular rate at which he is employed. *See* 43 P.S. § 333.104(c) and 34 Pa. Code § 231.41.

114.   Defendants are subject to the overtime requirements of the PMWA because Defendants are employers under 43 P.S. § 333.103(g).

115.   During all relevant times, Plaintiff and the Salary Class were covered employes entitled to the above-described PMWA's protections. *See* 43 P.S. § 333.103(h).

116.   During all relevant times, Plaintiff and the Salary Class did not qualify as exempt from the overtime requirements of the PMWA under 43 P.S. § 333.105. *See also* 34 Pa. Code §§

231.81-85.

117.    Defendants are required by the PMWA to pay Plaintiff and the Salary Class time and one-half (1 ½) the regular rate of pay for any work in excess of forty (40) hours pursuant to 43 P.S. § 333.104(c) and 34 Pa. Code § 231.41.

118.    Defendants knowingly failed to compensate Plaintiff and the Salary Class at a rate of one and one-half (1 ½) times their regular hourly wage for hours worked in excess of forty (40) hours per week, in violation of 43 P.S. § 333.104(c) and 34 Pa. Code § 231.41.

119.    In violating the PMWA, Defendants acted willfully and with reckless disregard of clearly applicable PMWA provisions.

120.    Pursuant 43 P.S. § 333.113, employers, such as Defendants, who intentionally fail to pay an employe wages in conformance with the PMWA shall be liable to the employe for the wages or expenses that were intentionally not paid, court costs and attorneys' fees incurred in recovering the unpaid wages.

### COUNT IV
### Violation of the Pennsylvania Minimum Wage Act
### (On Behalf of Plaintiff and the Hourly Class Members)

121.    All previous paragraphs are incorporated as though fully set forth herein.

122.    The Pennsylvania Minimum Wage Act of 1968 ("PMWA") requires that covered employees be compensated for all hours worked in excess of forty (40) hours per week at a rate not less than one and one-half (1 ½) times the regular rate at which he is employed. *See* 43 P.S. § 333.104(c) and 34 Pa. Code § 231.41.

123.    Defendants are subject to the overtime requirements of the PMWA because Defendants are employers under 43 P.S. § 333.103(g).

124.    During all relevant times, Plaintiff and the Hourly Class were covered employes

entitled to the above-described PMWA's protections. *See* 43 P.S. § 333.103(h).

125.    During all relevant times, Plaintiff and the Hourly Class did not qualify as exempt from the overtime requirements of the PMWA under 43 P.S. § 333.105. *See also* 34 Pa. Code §§ 231.81-85.

126.    Defendants are required by the PMWA to pay Plaintiff and the Hourly Class time and one-half (1 ½) the regular rate of pay for any work in excess of forty (40) hours pursuant to 43 P.S. § 333.104(c) and 34 Pa. Code § 231.41.

127.    Defendants knowingly failed to compensate Plaintiff and the Hourly Class at a rate of one and one-half (1 ½) times their regular hourly wage for hours worked in excess of forty (40) hours per week, in violation of 43 P.S. § 333.104(c) and 34 Pa. Code § 231.41.

128.    In violating the PMWA, Defendants acted willfully and with reckless disregard of clearly applicable PMWA provisions.

129.    Pursuant 43 P.S. § 333.113, employers, such as Defendants, who intentionally fail to pay an employe wages in conformance with the PMWA shall be liable to the employe for the wages or expenses that were intentionally not paid, court costs and attorneys' fees incurred in recovering the unpaid wages.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff seeks the following relief on behalf of themselves and the Class Members:

      a.    An order permitting this litigation to proceed as an FLSA collective action pursuant to 29 U.S.C. § 216(b);

      b.    Prompt notice, pursuant to 29 U.S.C. § 216(b), of this litigation to all potential FLSA Collective Members;

      c.    An order permitting this litigation to proceed as a class action pursuant to Fed. R. Civ. P. 23 on behalf of the Pennsylvania Classes;

d.  Back pay damages (including overtime compensation) and prejudgment interest to the fullest extent permitted under the law;

e.  Liquidated damages to the fullest extent permitted under the law;

f.  Litigation costs, expenses, and attorneys' fees to the fullest extent permitted under the law; and

g.  Such other and further relief as this Court deems just and proper.

## JURY DEMAND

Plaintiff hereby demands a trial by jury on all claims and issues.

Dated: August 8, 2024                              Respectfully submitted,


*s/ Shanon J. Carson*
Shanon J. Carson
Camille Fundora Rodriguez*
Michael J. Anderson*
**BERGER MONTAGUE PC**
1818 Market Street, Suite 3600
Philadelphia, PA 19103
Telephone: (215) 875-4635
Facsimile: (215) 875-4604
scarson@bm.net
crodriguez@bm.net
manderson@bm.net

Scott Brady*
**BOHRER BRADY, LLC**
8712 Jefferson Highway, Suite B
Baton Rouge, LA 70809
Telephone: (225) 925-5297
Facsimile: (225) 231-7000
scott@bohrerbrady.com

*Attorneys for Plaintiff and the Proposed Class and Collective Members*

*\* Pro hac vice forthcoming*